# IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
# MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| **TROY BLANTON and PEGGY BLANTON,** | * * * | |
| Plaintiffs, | * * | **Civil Action Number:** |
| v. | * * | **3:07cv-980-WKW** |
| **DOUGLAS A. GEIST, et al.,** | * * | |
| Defendants. | * | |

### DEFENDANT DOUGLAS A. GEIST'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND

Stanley A. Martin
S. Allen Martin, Jr.
Attorneys for Defendant
Douglas A. Geist

**STANLEY A. MARTIN**
Attorney at Law
Post Office Box 2526
Opelika, Alabama 36803-2526
(334) 749-4142
(334) 749-4131 FAX
smartin@stanmartinlaw.com
amartin@stanmartinlaw.com

## STATEMENT OF THE CASE

On September 25, 2007, the Plaintiffs Troy Blanton and Peggy Blanton (hereinafter, the "Plaintiffs") filed a Complaint against the Defendants Douglas A. Geist (hereinafter, "Geist") and State Farm Mutual Automobile Insurance Company (hereinafter, "State Farm") (collectively, the "Defendants") in the Circuit Court of Chambers County, Alabama. The Plaintiffs' Complaint arose out of a motor vehicle accident which occurred on August 21, 2007 in Chambers County, Alabama. State Farm was served with the Summons and Complaint on October 2, 2007. Geist was served with the Summons and Complaint on October 15, 2007.

On October 31, 2007, Geist timely filed a Notice of Removal pursuant to 28 U.S.C. § 1332 alleging that (1) complete diversity of citizenship existed between the Plaintiffs and the Defendants and (2) that the amount in exceeded the sum or value of $75,000.00, exclusive of interest and costs. On November 29, 2007, the Plaintiffs filed a Motion to Remand, alleging that Geist was domiciled in the State of Alabama at the time of the filing of the Complaint.

## ARGUMENT

**I.  LEGAL STANDARD**

"Diversity jurisdiction exists over a controversy between citizens of different states." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *Id.* "A person's domicile is the place of 'his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom.'" *Id.* at 1257-58.

"Furthermore, a change in domicile requires '[a] concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely.'" *Id.* at 1258. "[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *Id.* at 1257. "When a court is reviewing the citizenship of the parties to determine if the suit meets the requirements of diversity jurisdiction, the court must look to the citizenship of the parties at the time the action was filed and at the time of removal." *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1225 (M.D. Ala. 2003).

II. **THE PLAINTIFFS' MOTION TO REMAND IS DUE TO BE DENIED BECAUSE THE DEFENDANT DOUGLAS A. GEIST WAS DOMICILED IN SOUTH CAROLINA AT THE TIME OF THE FILING OF THE COMPLAINT.**

This action was properly removed pursuant to 28 U.S.C. § 1332 because (1) complete diversity of citizenship existed and still exists between the Plaintiffs and the Defendants and (2) the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs. At the time of the filing of the Complaint, the Plaintiffs were resident citizens of Alabama, State Farm was a resident citizen of Illinois, and Geist was a resident citizen of South Carolina. The Plaintiffs' only basis for their Motion to Remand is the allegation that Geist was domiciled in Alabama at the time the lawsuit was filed.

On December 19, 2007, Geist filed an Evidentiary Submission in Opposition to the Plaintiffs' Motion to Remand. Geist submitted an Affidavit on the issue of domicile, said Affidavit being attached as Exhibit "A" to Geist's Evidentiary Submission (hereinafter, "Geist Aff."). As set forth in his Affidavit, Geist was clearly a resident of South Carolina on September

3

25, 2007.  *See* Geist Aff. at pp. 1-2.  Moreover, Geist has every intention of remaining in South Carolina.  *See* Geist Aff. at pp. 1-2.

Geist moved to South Carolina in 2003 to take care of his parents.  *See* Geist Aff. at p. 1.  He moved in with his parents because his mother had been diagnosed with cancer.  *See* Geist Aff. at p. 1.  Geist's father was later diagnosed with cancer.  *See* Geist Aff. at p. 1.  Moreover, Geist and his wife had also separated in 2003.  *See* Geist Aff. at p. 1.

Geist does not own a home in Alabama.  *See* Geist Aff. at p. 1.  Because he is disabled, he travels from time to time back to Alabama to visit his family, including his three step-children.  *See* Geist Aff. at p. 1.  However, Geist keeps his clothes and personal belongings at his parents' house in South Carolina.  *See* Geist Aff. at p. 1.

Geist has filed state income taxes in South Carolina since his move in 2003.  *See* Geist Aff. at p. 1.  He obtained a South Carolina driver's license in 2003 or 2004.  *See* Geist Aff. at p. 1.  Geist had the same South Carolina driver's license at the time of the accident which is the subject of this lawsuit.  *See* Geist Aff. at p. 1.

In February of 2005, Geist purchased a Mazda B3000 pick-up truck and that vehicle was registered in South Carolina.  *See* Geist Aff. at p. 1.  In July of 2007, Geist purchased a Ford Expedition and that vehicle was registered in South Carolina.  *See* Geist Aff. at p. 1.  Geist was driving his Ford Expedition at the time of the accident.  *See* Exhibit "A" to Plaintiffs' Motion to Remand.  His vehicle was insured by a South Carolina insurance policy issued by State Farm.  *See* Exhibit "E" to Plaintiffs' Motion to Remand.  Finally, Geist is registered to vote in South

Carolina, as set forth in Geist's voting card, which is attached as Exhibit "1" to his Affidavit. *See* Exhibit "1" to Geist Aff.

Without a doubt, all of the evidence supports the fact that Geist was a resident of South Carolina as of September 25, 2007. *See* Geist Aff. at pp. 1-2. Further, Geist intended to remain in South Carolina, as he had been living with his parents in South Carolina since 2003. *See* Geist Aff. at pp. 1-2. Geist does not own any property in Alabama, and he only returns to Alabama to visit his family. *See* Geist Aff. at pp. 1-2.

Therefore, based on the foregoing, Geist has met the required burden of proof to show that he was domiciled in South Carolina on September 25, 2007, which is the date of the filing of the Complaint in the Circuit Court of Chambers County, Alabama. Accordingly, Geist respectfully submits that the Plaintiffs' Motion to Remand is due to be denied.

s/ S. Allen Martin, Jr.<br>
Stanley A. Martin (MAR049)<br>
S. Allen Martin, Jr. (MAR149)<br>
Post Office Box 2526<br>
Opelika, Alabama 36803-2526<br>
(334) 749-4142<br>
(334) 749-4131 (FAX)<br>
Attorneys for Defendant Douglas A. Geist<br>
amartin@stanmartinlaw.com<br>
smartin@stanmartinlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have on this 19th day of December, 2007, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Honorable Timothy L. Dillard
Fourth Floor, Berry Building
2015 2nd Avenue North, Suite 400
Birmingham, Alabama 35203


Honorable T. Randall Lyons
Webster, Henry, Lyons & White, P.C.
132 N. Gay Street, Suite 209
Auburn, Alabama 36830

                                                                  s/ S. Allen Martin, Jr.
                                                                  Stanley A. Martin
                                                                  S. Allen Martin, Jr.