IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TROY BLANTON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | CASE NO. 3:07-cv-980-WKW |
| ) | (WO) |
| DOUGLAS A. GEIST, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the Plaintiffs' Motion to Remand (Doc. # 8). Plaintiffs Troy Blanton and Peggy Blanton filed a state court action against Defendants Douglas A. Geist ("Geist") and State Farm Mutual Automobile Insurance Company ("State Farm"), arising out of an automobile accident. Because the court determines that Geist is a citizen of South Carolina, the Motion to Remand is due to be DENIED.

**I. FACTS AND PROCEDURAL HISTORY**

On August 21, 2007, Geist and Troy Blanton were involved in an automobile accident in Chambers County, Alabama. The issue currently before the court is Geist's citizenship.

Geist declared in an affidavit that he resides in and intends to remain in South Carolina. (Geist Aff. 2.) He moved to South Carolina from Alabama in August 2003 to take care of his parents who were ill. He currently keeps his clothing and personal property at their address. (*Id.* at 1.) Geist also pays taxes in South Carolina, has a South Carolina driver's license, is registered to vote in South Carolina, and registers his vehicles in South Carolina. (*Id.*) Geist claims that he travels to Alabama to visit his wife, from whom he

separated in 2003, and his three step-children. (*Id.*)

After the accident, Geist provided the police with an Alabama address, and Geist was later served in this case by certified mail at that address. (Pls.' Exs. A, B.) The plaintiffs provided evidence that Geist had his oil changed on July 6, 2007, and provided the business with the same Alabama address. (Pls.' Ex. D.) Additionally, Geist has a criminal record from 1999 thru 2002 with the same Alabama address recorded as his home address. (Pls.' Ex. C.)

On October 31, 2007, Geist removed the case from state court, and State Farm joined in the removal. (Doc. # 1.) Geist claimed that removal was proper because he is a citizen of South Carolina and there is diversity of citizenship. The plaintiffs filed a Motion to Remand (Doc. # 8), claiming that there is no diversity of citizenship because the plaintiffs and Geist are citizens of Alabama.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id*.

### III. DISCUSSION

Diversity jurisdiction exists where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. There must be complete diversity, meaning that "each defendant must be diverse from each plaintiff." *Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 292 F.3d 1334, 1337 (11th Cir. 2002). For purposes of diversity jurisdiction, a party's citizenship, not residency, controls.[1] *Jagiella v. Jagiella*, 647 F.2d 561, 563 (5th Cir. Unit B June 1981).[2]

An individual is a citizen of the state in which he is domiciled. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Id.* at 1257-58 (internal quotation marks and citation omitted). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989).

For a person's domicile to change, "a concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely" is required. *McCormick*, 293 F.3d at 1258 (internal quotation marks and citation omitted). A person does not have to

---

[1] In their complaint, the plaintiffs claim that they and Geist are *residents* of Alabama. (Compl. ¶¶ 1-3.)

[2] The Eleventh Circuit has adopted as binding precedent the Fifth Circuit Court of Appeals decisions prior to October 1, 1981. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

intend to remain in the new state permanently to change the domicile; however, a person's domicile does not change if he or she intends to return upon the happening of a reasonably foreseeable event. *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998).

Courts use a "totality of evidence" approach to determine if a person's domicile has changed. *Id.* Facts to be considered include but are not limited to: "current residence; residence of family and dependents; place of employment and name of business; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in church, clubs, and business organizations; driver's license and automobile registration; and payment of taxes." *Id.* Courts also consider an individual's statement of intent. *Id.*

The court concludes that Geist changed his domicile to South Carolina. First, he has been physically present in South Carolina since August 2003. His stated intent is to stay in South Carolina. Moreover, Geist resides in South Carolina, he is registered to vote in South Carolina, his personal property is in South Carolina, his driver's license is issued by South Carolina, and he pays taxes in South Carolina. While Geist was present in Alabama at the time of the accident, gave an Alabama address after the accident, and was served by mail in Alabama, these facts do not outweigh the strong evidence that Geist intends to remain in South Carolina.[3]

---

[3] The plaintiffs have also presented Geist's arrest record. From 1999 to 2002, he reported the same Alabama address as his home address. However, this evidence does not establish that he is not a citizen of

The facts put forth by the plaintiffs suggest that Geist has spent a great deal of time in Alabama, but they do not establish a change in Geist's domicile from South Carolina back to Alabama. The court concludes that Geist is domiciled in, and a citizen of, South Carolina. Because there is complete diversity in this case, the court has subject matter jurisdiction.[4]

### IV.  CONCLUSION

Accordingly, it is ORDERED that Plaintiffs' Motion to Remand (Doc. # 8) is DENIED.

DONE this 29th day of April, 2008.

> /s/  W. Keith Watkins
> UNITED STATES DISTRICT JUDGE

---

South Carolina. As Geist explains, he moved to South Carolina in 2003, but his estranged wife still resides at the Alabama address.

[4] The plaintiffs sought in the alternative a ninety-day period to engage in jurisdictional discovery. This request is due to be denied because the court has sufficient evidence before it.