IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TROY BLANTON and PEGGY BLANTON, | * * * | |
| Plaintiffs, | * * | Civil Action Number: |
| v. | * * | 3:07cv-980-WKW |
| DOUGLAS A. GEIST, et al., | * * | |
| Defendants. | * | |

**REPORT OF DISCOVERY PLANNING MEETING**

1. Pursuant to *Federal Rule of Civil Procedure* 26(f), a telephonic meeting was held on May 19, 2008. The following attorneys have conferred regarding proposed deadlines in this case and submit the following joint report:

Timothy L. Dillard for Plaintiffs Troy Blanton and Peggy Blanton;

S. Allen Martin, Jr. for Defendant Douglas A. Geist; and

T. Randall Lyons for Defendant State Farm Mutual Automobile Insurance Company.

**2.    Pre-Discovery Disclosures**

The parties will exchange **within 30 days of June 1, 2008** their initial disclosures required by *Federal Rule of Civil Procedure* 26(a)(1), which shall include the following:

(a) The name and, if known, the address and telephone number of each individual believed by them to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

(b) A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claim or defenses, unless solely for impeachment;

(c) A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(d) For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**3.  Discovery Plan**

The parties jointly propose to the Court the following discovery plan:

(a) Discovery will be needed on the following subjects:

> Details of the accident and experts, if any.

(b) All discovery shall be completed on or before **30 DAYS PRIOR TO THE PRETRIAL HEARING**, except that, as to any witnesses whose names are not revealed with sufficient time for the other parties to take a deposition prior to the pretrial conference, the opposing party shall have the time extended in this paragraph to allow for deposing such witnesses.

(c) Maximum of 30 Interrogatories, including sub-parts, by each party to any other party. The Answers are due 30 days after service.

(d) Maximum of 30 Requests for Admission by each party to any other party. The Responses are due 30 days after service.

(e) Maximum of 8 depositions by the Plaintiffs and 8 by the Defendants.

(f) Each deposition is limited to a maximum of 8 hours unless extended by agreement of parties.

(g) Reports from retained experts under Rule 26(a)(2) due:

    **(1)** **from Plaintiffs at least 75 days prior to the pretrial hearing.**

    **(2)** **from Defendants at least 45 days prior to the pretrial hearing.**

(h) Supplementations under Rule 26(3) shall be made **21 days after obtaining said information and no later than 30 days before trial.**

**4. Other Items.**

(a) The parties **do not** request a conference with the Court before entry of the Scheduling Order.

(b) The parties request a pretrial conference approximately **45 days** before the trial date.

(c) The Plaintiffs should be allowed until **30 days after discovery is complete** to join additional parties and amend the pleadings.

(d) The Defendants should be allowed until **30 days after discovery is complete** to join additional parties and amend the pleadings.

(e) All potentially dispositive motions should be filed **90 days before the pretrial hearing**.

(f) Settlement cannot be evaluated prior to the end of discovery.

(g) Final lists of witnesses and exhibits under Rule 26(a)(3) for the parties should be due no later than **21 DAYS PRIOR TO THE TRIAL.**

(h) Parties should have **7 days** after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

(i) **Plaintiffs' proposal:**

The Plaintiffs state that this case should be ready for trial in Opelika, Alabama during the **December 15, 2008** term of Court.

**Defendants' proposal:**

The Defendants state that this case should be ready for trial in Opelika, Alabama during the **March 30, 2009** term of Court.

This 20th day of May, 2008.

>s/ Timothy L. Dillard
>Timothy L. Dillard (DIL003)
>Dillard & Associates, L.L.C.
>Fourth Floor, Berry Building
>2015 Second Avenue North
>Birmingham, Alabama 35203
>(205) 251-2823
>Attorney for Plaintiffs Troy Blanton and Peggy Blanton
>timldillard@yahoo.com

>s/ S. Allen Martin, Jr.
>Stanley A. Martin (MAR049)
>S. Allen Martin, Jr.  (MAR149)
>Post Office Box 2526
>Opelika, Alabama 36803-2526
>(334) 749-4142
>Attorneys for Defendant Douglas A. Geist
>smartin@stanmartinlaw.com
>amartin@stanmartinlaw.com

                                  <u>s/ T. Randall Lyons</u>
                                  T. Randall Lyons (LYO006)
Webster, Henry, Lyons & White, P.C.
132 N. Gay Street, Suite 211
Auburn, AL 36830 (334) 749-4142
Attorney for Defendant State Farm Mutual Automobile Insurance Company
randy@whlpc.com