IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| TROY BLANTON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:07-CV-980-WKW [WO] |
| | ) | |
| DOUGLAS A. GEIST, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On December 2, 2008, Plaintiffs' Joint Motion to Dismiss with Prejudice (Doc. # 32) was granted and Defendant Douglas A. Geist ("Geist") was dismissed from the case. (Doc. # 34.) Plaintiffs then filed a second remand motion. (Mot. Remand (Doc. # 37).) Plaintiffs argue that subject matter jurisdiction no longer exists because the only remaining Defendant is State Farm Mutual Automobile Insurance Company ("State Farm"), the only remaining claim is its contractual obligation to pay underinsured motorist coverage, and the policy limit of that coverage totals $60,000. (Mot. 4.) Thus, Plaintiffs argue, there is no longer diversity jurisdiction under 28 U.S.C. § 1332, which requires an amount in controversy in excess of $ 75,000. (Mot. 4.) State Farm has not filed a response to Plaintiffs' motion. For the following reasons, the motion to remand (Doc. # 37) is due to be denied.

At the time of removal, diversity jurisdiction existed over this case. In an earlier Memorandum Opinion and Order ("Opinion") (Op. (Doc. # 18)), Plaintiffs' first motion to remand (Doc. # 8) was denied because diversity jurisdiction existed at the time of removal.

(Op. 5.) The Opinion only addresses whether the parties were completely diverse, but with their Notice of Removal, Defendants filed a letter Plaintiffs' counsel sent demanding $500,000 for Plaintiffs' case.[1] (Removal Notice ¶ 14 & Ex. B (Doc. # 1).) A demand letter received by a defendant from a plaintiff articulating a sufficient amount in controversy for diversity jurisdiction can be the basis for removing a case. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1212 & n.62 (11th Cir. 2007), *cert. denied*, 128 S. Ct. 2877 (2008). Thus, at the time of removal, there was diversity jurisdiction to hear this case.[2] Plaintiffs argue, however, that because Geist has been dismissed by the case, their damages are capped at $60,000, and therefore, diversity jurisdiction no longer exists.

Even assuming damages are capped at $60,000, the fact that damages are now under the threshold jurisdictional amount does not divest the court of jurisdiction. "[E]vents occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore v. American-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1291 (11th Cir. 2000), *overruled on other grounds*, *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007) (per curiam) ("*Poore* is overruled to the extent we held that a remand for lack of subject matter

---

[1] The letter specifically stated: "In the event you are interested in paying $500,000.00, or your policy limits, prior to engaging your attorneys please contact the undersigned [Plaintiffs' attorney]." The amount of the policy limits is irrelevant as long as Plaintiffs' counsel demanded as one form of payment as much as $500,000.

[2] When a motion to remand is filed more than thirty days after removal and challenges subject matter jurisdiction, "[a] court may look to any relevant information the parties may present, up until the time of the challenge to jurisdiction." *Lowery*, 483 F.3d at 1213 n.64. The demand letter in this case was filed with the Notice of Removal.

jurisdiction pursuant to [28 U.S.C.] § 1447(c) is reviewable if it is based on a post-removal amendment to the complaint."). Joining other circuits, *Poore* held that "the amendments to § 1447(c) did not alter the fact that, in this case, the district court must determine whether it had subject matter jurisdiction *at the time of removal*." *Id.* at 1290-91 (emphasis added). *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("[The court] note[s] that for purposes of this challenge to the subject matter jurisdiction of the district court, the critical time is the date of removal . . . . *See Poore*[, 218 F.3d at] 1289-91 []. If jurisdiction was proper at that date, subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction."); *see also Freeport-McMoran, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 427 (1991) (per curiam) (stating in a non-removal case that the Court "ha[s] consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events"); *Harris v. Garner*, 216 F.3d 970, 983-84 (11th Cir. 2000) (noting that it is "well established" that changes to a party's citizenship after jurisdiction is established do not divest the court of jurisdiction).

Accordingly, because diversity jurisdiction was established at the time of removal, it is ORDERED that Plaintiffs' Second Motion to Remand (Doc. # 37) is DENIED.

DONE this 9th day of March, 2009.

                                          /s/ W. Keith Watkins
                                          UNITED STATES DISTRICT JUDGE